David GREEN, Appellant

v.

UNITED STATES of America, Appellee.

No. 13224.

United States Court of Appeals Third Circuit.

Submitted Oct. 18, 1960.

Decided Nov. 15, 1960.

David Green, appellant, pro se.

Daniel H. Jenkins, U. S. Atty., James S. Palermo, Asst. U. S. Atty., Scranton, Pa., for appellee.

Before McLAUGHLIN, KALODNER, and HASTIE, Circuit Judges.

PER CURIAM.

Appellant, an inmate of the United States Penitentiary at Lewisburg, Pennsylvania, in his petition in this cause asked the district court to issue a writ of mandamus to the Bureau of Prisons and the Lewisburg Warden "commanding them, together to show cause for denial of corresponding under the mailing privilege of the said penitentiary and the provisions of the said article [Article 1 of the United States Constitution] forthwith before the Court or officer granting the said writ." He alleged that he had been denied the privilege of placing a minister of his faith "on his regular mailing list for further instructions and future guidance."

The district court, properly interpreting the petition as one asking for relief in the nature of mandamus, held:

"In the United States District Courts mandamus or its equivalent is of an ancillary nature only, except in the District of Columbia, and an original proceeding will not lie."

That decision is entirely sound. Truth Seeker Co. v. Durning, 2 Cir., 1945, 147 F.2d 54; Fussa v. Taylor, D.C., M.D.Pa.1958, 168 F.Supp. 302.

In addition, appellant has failed to exhaust his administrative remedies. Under the regulations promulgated by the Bureau of Prisons, there is available to all prisoners, the right of the "Prisoner's Mail Box." This procedure sets up an effective means of review of actions of local prison authorities. See Lowe v. Hiatt, D.C.M.D.Pa.1948, 77 F.Supp. 303, 305.

As stated in the Mail Regulations, Section g, rev. February 23, 1944:

"The 'Prisoner's Mail Box' in each institution is designed to provide any inmate the opportunity to write directly, without inspection by institutional authorities, to the Director of the Bureau of Prisons, * * * regarding any matter of importance to the individual, to the inmate group as a whole, or any matter of importance affecting the institution and its personnel or officials. The prisoner's mail box is open to all inmates regardless of their status."

This case presents an alleged situation in which administrative review should have been utilized. Appellant asserts deprivation of a fundamental right by the Warden of the Lewisburg Penitentiary. The claim implies an abuse of discretion by that official. However, in the administration of federal prisons primary supervision is delegated by statute to the Bureau of Prisons, 62 Stat. 849, 18 U.S.C. § 4042. By that law the

Bureau is directly responsible for the control and maintenance of all such institutions and has the power to review any action taken by the local wardens.

The judgment of the district court will be affirmed.