**Norwood E. JONES and William Scott Winans, Plaintiffs-Appellants,**

**v.**

**Norman A. CARLSON, Director U. S. Bureau of Prisons, et al., Defendants-Appellees.**

**No. 73–3672.**

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

May 31, 1974.

---

\* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

————◆————

Norwood E. Jones, William Scott Winans, pro se.

John W. Stokes, Jr., U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for defendants-appellees.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

Jones, an inmate of the United States Penitentiary at Atlanta, Georgia, and Winans, an inmate of the United States Penitentiary at Terre Haute, Indiana, appeal the district court's dismissal of their action for injunction and other relief arising out of the alleged interference with their correspondence concerning pending litigation.

We deem it unnecessary to reach the merits of the ruling appealed since it appears that the appellants have not sought relief through the proper administrative channels before presenting their grievances for judicial review. As the Court stated in Paden v. United States, 5 Cir. 1970, 430 F.2d 882, 883:

"[I]n the administration of federal prisons primary responsibility for supervision is delegated by statute to the Bureau of Prisons under the direction of the Attorney General, 18 U.S.C. § 4001 and § 4042. Under that authority the Bureau has promulgated rules and regulations for the proper administration of the various prisons and has established effective means to review actions taken by local prison officials. Green v. United States, 283 F.2d 687 (3d Cir. 1960). In line with these regulations, grievances of prisoners concerning prison administration should be presented to the Bureau through the available administrati[ve] channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case."

See also Waddell v. Alldredge, 3 Cir. 1973, 480 F.2d 1078; Ledesma v. United States, 5 Cir. 1971, 445 F.2d 1323; Williams v. United States, 5 Cir. 1970, 431 F.2d 873.

The judgment of the district court is vacated, and the cause remanded with directions that the action be dismissed in order that the appellants may exhaust their administrative remedies in accordance with Bureau of Prisons policy statement 2001.6 (February 14, 1974).[1]

Vacated and remanded.

———

1. See Thompson v. U. S. Prison Industries, 5 Cir. 1974, 492 F.2d 1082 [1974]; Ross v. Henderson, 5 Cir. 1974, 491 F.2d 116 [1974].