500 F.2d 389
 Henry W. KNIGHT, Plaintiff-Appellant,
v.
J. D. HENDERSON, Warden, Defendant-Appellee.
No. 73-1963 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Sept. 11, 1974.
 
 Henry W. Knight, pro se.
 John W. Stokes, Jr., U.S. Atty., Anthony M. Arnold, Asst. U.S. Atty., Atlanta, Ga., for defendant-appellee.
 Before BELL, SIMPSON and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This mandamus styled proceeding against the warden of the Atlanta Federal Penitentiary consists of three letters from appellant to the district court. Cf. McEachern v. Henderson, Warden, 5 Cir., 1974, 485 F.2d 694, on the problem posed in substituting letters for pleadings. The court ordered the letters filed in forma pauperis as a petition for mandamus and dismissed for failure to exhaust prison remedies. See Jones v. Carlson, 5 Cir., 1974, 495 F.2d 209; Thompson v. Federal Prison Industries, 5 Cir., 1974, 492 F.2d 1082, on the requirement of exhaustion in such cases.
 
 
 2
 Correspondence between appellant and the court continued and a subsequent order was issued also denying relief. Appellant then filed a formal petition for rehearing in which he interpreted his previous letters to some extent and requested the court to direct the clerk to file a notice of appeal to this court. The court at that point issued a rule nisi to the warden who, in turn, responded with respect to the claims asserted variously by appellant.
 
 
 3
 The district court then denied relief as to these same claims: (1) that prison officials were responsible for the loss of a $5.00 money order mailed by appellant's mother to him, (2) that prison officials illegally interfered with appellant's mail, and (3) that he was entitled to be transferred to another penitentiary.
 
 
 4
 Given the in extenso handling in the district court, we treat the response, including the supporting affidavit and documents, filed by the warden as a substitute for exhausting the prison administrative remedy which is ordinarily required. Jones v. Henderson, supra; Thompson v. Prison Industries, supra. Finding the claims assigned to be without merit, we can thus affirm rather than remanding with direction that the cause be dismissed for failure to exhaust prison remedies.
 
 
 5
 Affirmed.