Arthur **MITCHELL,** Gregory **Robertson,**
and William **Birtha,**
Plaintiffs-Appellants,

v.

Michael **BEAUBOUEF** et al.,
Defendants-Appellees.

No. 77–2656
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 18, 1978.

Rehearing and Rehearing En Banc
Denied Dec. 1, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, 410–14.

Arthur Mitchell, pro se.

Gregory Robertson, pro se.

William Birtha, pro se.

J. Marvin Montgomery, Staff Atty., Baton Rouge, La., for defendants-appellees.

Before COLEMAN, GODBOLD, and TJOFLAT, Circuit Judges.

PER CURIAM:

Arthur Mitchell, Gregory Robertson, and William Birtha, inmates of the Louisiana State Penitentiary, filed a pro se complaint in the district court, alleging that they had been deprived of their constitutional rights in violation of 42 U.S.C. § 1983 (1970). The court below handled the complaint in conformance with a procedure devised to process prisoner civil rights claims and dismissed it on the merits. Because we find the court's procedure as applied in this case to be deficient, we vacate the order of dismissal and remand the case for further proceedings.

The inmates' complaint alleged that they had been deprived of due process of law in a prison disciplinary hearing, which resulted in their being sentenced to a "lockdown." They sought injunctive relief and damages.

The district court ordered that the complaint be filed in forma pauperis and immediately referred it to a magistrate. The magistrate stayed the case pending the exhaustion of state administrative procedures and ordered review of the complaint by the Louisiana Department of Corrections in accordance with the district court's unreported decision in *Michelli v. Henderson,* No. 74–296 (M.D.La. Nov. 27, 1974).[1] In accordance with *Michelli,* the magistrate required that the defendants be served with the complaint and that they submit an administrative report to the court within sixty days.

The defendants filed the administrative report within the allotted time. This unverified report stated that an administrative appeal had been granted in favor of the inmates and that a new, full hearing would be held. The inmates then moved for summary judgment, acknowledging that their administrative appeal had been granted but demanding damages for the allegedly unjust treatment they had already received.

On the basis of the unverified administrative report, the magistrate reported to the district judge that there was "no evidence of bad faith on the part of the board members" who conducted the first hearing, the subject of the inmates' complaint. Record at 42. The magistrate's report did not indicate whether he considered bad faith to be a necessary element of the inmates' cause of action or reasonable good faith to be an affirmative defense. In either event, the magistrate recommended that the complaint be dismissed without prejudice, reserving to the inmates the right to refile their complaint upon the completion of the new administrative hearings and any appeal that might follow. The district court dismissed the suit with prejudice, however, without the recommended reservation. Thereafter, it granted the inmates leave to appeal to this court in forma pauperis and

1. The district court's opinion in *Michelli* is set forth in appendix A. Also appended to this opinion, as appendices B and C, are the Magistrate's Report in *Michelli* and a memorandum from the Louisiana Department of Corrections, which detailed the procedures to be followed in handling prisoner complaints. The magistrate's order in the case before us refers to No. 74–296 as *Michelli v. Hunt.* We note here that the record in No. 74–296 is captioned throughout as *Michelli v. Henderson.*

certified that this appeal has been taken in good faith.

■ Although this court is sympathetic to the problems of the district courts in the management of pro se prisoner litigation, e. g., *Taylor v. Gibson*, 529 F.2d 709, 713 (5th Cir. 1976), we cannot countenance the use of the summary procedure utilized in this case. This case was summarily dismissed on the merits on the basis of the unverified administrative report submitted to the magistrate. Although we have recognized that such reports may aid the district court in framing the issues for trial or summary disposition, *see id.* at 717, they cannot be used to circumvent the summary judgment requirements of rule 56, Fed.R.Civ.P. *See Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975) (the Federal Rules of Civil Procedure apply to section 1983 cases). Under the rule, factual statements, such as the defendants' report, should be submitted in affidavit form, or they may be reduced to admissions through the invocation, for example, of rule 36, Fed.R.Civ.P., or they may be made the subject of stipulation. The procedure established by the district court in *Michelli*, however, where the magistrate apparently is authorized to make factual determinations from evidence submitted in a manner not recognized by the rules, clearly circumvents the letter and spirit of the federal rules. At most, the defendants' report should have been treated as an answer to the inmates' complaint, thus setting the stage for further pretrial proceedings in which, once the issues had been delineated, it could be determined whether any factual issues remained to be litigated in a bench trial, or, if either party demanded it pursuant to rule 38, Fed.R.Civ.P., in a trial by jury.

To the end that justice be done in these prisoner civil rights cases, we have outlined acceptable procedures in a series of opinions. *E. g., Taylor v. Gibson; Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976); *Hardwick v. Ault; Campbell v. Beto*, 460 F.2d

765 (5th Cir. 1972). They bear repeating in the context of this case.

■ The complaint must be filed upon a showing of poverty by the prisoner. *Watson v. Ault*, 525 F.2d at 892. The court below did file the inmates' complaint in forma pauperis. The Federal Rules of Civil Procedure call for the liberal reading of complaints by district courts. An even more expansive reading is appropriate in the context of pro se prisoner litigation. Such a complaint "should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief." *Taylor v. Gibson*, 529 F.2d at 714. *E. g. Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Watson v. Ault*, 525 F.2d at 891–92. If the district court cannot ascertain from the complaint whether it states a claim upon which relief can be granted, the questionnaire approved in *Watson v. Ault* may be used as a pleading auxiliary. The complaint in the case before us was filed on such a questionnaire form and clearly states a cause of action by pleading a denial of due process in a disciplinary hearing. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

■ If the complaint is deemed legally sufficient under the liberal standard appropriate to this type of case, then service of process on the defendant, as was done here, is required pursuant to Fed.R.Civ.P. 4(a). *Watson v. Ault*, 525 F.2d at 893. In the case before us, the district court referred the complaint to the magistrate. Under 28 U.S.C.A. § 636(b)(1)(B) (West Supp. 1978), a district judge may refer prisoner petitions challenging conditions of confinement to a magistrate. In these cases, a magistrate is authorized "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any [pretrial] motion." *Id.* Such motions include motions "for judgment on the pleadings, for summary judgment, [and] to dismiss for failure to state a claim upon which relief can be granted." 28 U.S.C.A.

§ 636(b)(1)(A) (West Supp. 1978). The statute does not exempt magistrates from the Federal Rules of Civil Procedure, however.

 The district court may dismiss the complaint if it is frivolous or malicious. 28 U.S.C. § 1915(d) (1970). A dismissal of a pro se complaint for failure to state a cause of action should be without prejudice, however, so that the inmate may file an amended complaint within a reasonable time. *Hines v. Wainwright,* 539 F.2d 433, 434 (5th Cir. 1976). Further, in civil rights litigation challenging the conditions of confinement under section 1983, a prisoner is not obligated to exhaust state administrative remedies. *E. g., Preiser v. Rodriguez,* 411 U.S. 475, 477, 498, 93 S.Ct. 1827, 1830, 1840–41, 36 L.Ed.2d 439 (1973); *Hardwick v. Ault.*

 Because of the nature of this type of litigation, the district court may find it advantageous to require the defendant to submit a special report to aid in the management of the case. *Hardwick v. Ault.* As we stated above, however, the report, especially an unverified statement such as the one in issue here, cannot constitute a substitute for the type of proof required by the Federal Rules of Civil Procedure as a predicate for the summary disposition of a case. The magistrate below used the report as his source for findings of fact. Resolution of claims by such a method has been consistently condemned. *E. g., Scott v. Estelle,* 567 F.2d 632 (5th Cir. 1978); *Rasberry v. Spradling,* 558 F.2d 257 (5th Cir. 1977); *Ballard v. Spradley,* 557 F.2d 476 (5th Cir. 1977). Of course, had the report conformed to the requirements of Fed.R.Civ.P. 56, the district court could have relied on it in reaching summary judgment. Since it did not, the only recognized pleading before the district court was the inmates' complaint. Because on its face this complaint does state a claim upon which relief could be granted, we vacate the district court's dismissal and remand this cause for further proceedings consistent with this opinion and the Federal Rules of Civil Procedure.

VACATED and REMANDED.

## APPENDIX A

JOHNNY MICHELLI

VERSUS

CIVIL ACTION

NUMBER 74–296

C. MURRAY HENDERSON, WARDEN LOUISIANA STATE PENITENTIARY

E. GORDON WEST, District Judge.

This case, brought by the plaintiff, an inmate at Louisiana State Penitentiary, was referred by the Court to the United States Magistrate for his investigation, report and recommendation. The Report of the Magistrate, dated November 25, 1974, has been received and filed in the record of this case, and an independent review of this record by the Court leads to the conclusion that no evidentiary hearing is required in this matter. For the reasons stated in the Magistrate's Report:

IT IS ORDERED that this case be, and it is hereby DISMISSED, reserving to the plaintiff his right to apply to the Court in the future, if necessary, after having exhausted the administrative remedies available to him at the Louisiana State Penitentiary.

## APPENDIX B

## MAGISTRATE'S REPORT

This suit was filed by Johnny Michelli, an inmate at the Louisiana State Penitentiary at Angola, Louisiana, against C. Murray Henderson, the Warden of the prison. Petitioner filed this suit pursuant to 42 U.S.C. 1983.

In the complaint filed herein, petitioner alleges that he is in immediate need of hospitalization, and although certain doctors at the Louisiana State Penitentiary Hospital have recommended that he be hospitalized, the chief medical officer at the Louisiana State Penitentiary, Dr. H. M. Katz, has refused to allow petitioner to be hospitalized. Petitioner, therefore, seeks to have this Court issue an order compelling the defendant to have petitioner examined by a disinterested doctor.

On September 30, 1974, the Louisiana Department of Corrections issued a memorandum setting forth certain procedures for

resolving inmate problems at the Louisiana State Penitentiary at Angola, Louisiana. A copy of this memorandum is attached to this report.

These procedures were adopted after numerous discussions between representatives of the Louisiana Department of Corrections and the United States Magistrate for the Middle District of Louisiana. The regulations as set forth by the Louisiana Department of Corrections basically follow Policy Statement Number 2001.6 issued by the United States Bureau of Prisons on February 14, 1974, which was entitled "Administrative Remedy of Complaints Initiated by Offenders in Bureau of Prisons Facilities."

The purpose of adopting the procedures for resolving inmate problems both at the Louisiana State Penitentiary at Angola and in the federal prisons was to set up procedures by which inmates could seek formal review of complaints which relate to their imprisonment. This Court believes, as do the representatives of the Louisiana Department of Corrections, that most complaints can be resolved quickly and efficiently through direct contact with the staff who are responsible in the particular area of the problem complained of by the inmate. If the inmate is unable to resolve his problem at the staff level, or if the complaint is of a sensitive nature, the inmate has the right to set forth his complaint in a written statement to the Louisiana Department of Corrections. After the complaint is received by the Louisiana Department of Corrections, the matter will be investigated by an impartial staff of penologists who shall submit a report to the Director in order to allow her to render her decision within 30 days of the date of filing the complaint.

A review of the complaint filed by the petitioner in this case clearly shows that he has failed to exhaust these remedies available to him at the Louisiana State Penitentiary. The Fifth Circuit Court of Appeals has on a number of occasions stated that where there are administrative remedies available to prisoners, the inmate should first exhaust the proper administrative channels before presenting his grievance for judicial review. *Jones v. Carlson,* 495 F.2d 209 (5 Cir. 1974); *Thompson v. United States, Federal Prison Industries,* 492 F.2d 1082 (5 Cir. 1974); *Paden v. United States,* 430 F.2d 882 (5 Cir. 1970). In *Paden v. United States,* which is cited with approval by the Fifth Circuit in *Jones v. Carlson,* supra, the Fifth Circuit Court of Appeals stated:

"In the administration of federal prisons primary responsibility for supervision is delegated by statute to the Bureau of Prisons under the direction of the Attorney General, 18 U.S.C. § 4001 and 4042. Under that authority the Bureau has promulgated rules and regulations for the proper administration of the various prisons and has established effective means to review actions taken by local prison officials. *Green v. United States,* 283 F.2d 687 (3 Cir. 1960). In line with these regulations, grievances of prisoners concerning prison administration should be presented to the Bureau through the available administrati[ve] channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case."

The reasoning set forth by the Fifth Circuit Court of Appeals insofar as administrative rules apply to federal prisons should equally apply to administrative remedies afforded inmates by the state prisons.

It is the opinion of this Court that the state inmate in a state prison should be afforded the same rights and remedies afforded the federal inmate and federal prison for solving internal problems at the level having the most direct contact with the offender. Furthermore, such a procedure provides a means of continuous review of the administrative decisions and policies and provides a written record in the event there is a subsequent judicial review. More important, such a procedure allows a complaint to be resolved quickly and efficiently without undue delay.

In the case now before the Court the petitioner states that some prison doctors have indicated he should be hospitalized but

these doctors' recommendations have been rejected by the prison's chief medical officer. The inmate seeks a review of the decision rendered by the chief medical officer. It is this Court's opinion that this case is clearly an example of a case that should first be reviewed at the staff level of the Louisiana State Penitentiary and, if necessary, by the Director of the Department of Corrections before there is any judicial intervention in this matter.

Therefore, for the above reasons it is my recommendation that petitioner's suit should be dismissed for failure to exhaust the appropriate and available administrative remedies afforded him by the Louisiana State Penitentiary at Angola, Louisiana, reserving to him the right to proceed in this Court if necessary after he has exhausted those available remedies.

Baton Rouge, Louisiana, this 25th day of November, 1974.

(s) Frank J. Polozola
UNITED STATES MAGISTRATE

### APPENDIX C

MEMORANDUM

TO: All Persons in the Custody
 of the Department of Corrections

FROM: Elayn Hunt, Director

DATE: September 30, 1974

SUBJECT: Procedures for Resolving Inmate/
 Student Problems

The purpose of this memorandum is to formally notify you of the procedures you should follow in seeking review of any complaints you may have during your confinement.

### I

INSTITUTIONAL REVIEW. Most complaints can be resolved quickly and efficiently through direct contact with staff who are responsible in the particular area of the problem. Therefore, inmates and students should first seek assistance from the officials at their institutions (this could be a classification officer, dormitory officer, chaplin, superintendent, etc.).

### II

REVIEW BY DIRECTOR. If the problem has not been resolved satisfactorily after exhausting the appropriate institutional channels, the inmate/student may then write the Director. The letter should clearly state the problem to be resolved. Ordinarily, the complaint must be filed within thirty days from the date the problem arose.

If an inmate's complaint is of a sensitive nature, and he believes he could be unfavorably affected if it is known at the institution that he is making the complaint, he may file it directly with the Director. In such cases, he must clearly explain a valid reason for not seeking review within the institution.

Complaints may be sent in sealed envelopes to: Elayn Hunt, Director, Louisiana Department of Corrections, P. O. Box 44304, Capitol Station, Baton Rouge, Louisiana 70804.

The Director, or her representative, will notify the inmate of her decision within thirty days, excluding weekends, and holidays, after receiving the complaint. [Whenever possible, a decision will be reached in a shorter period of time. However, because of the shortage of staff and because of the many other matters which must be dealt with daily, it is not always possible to do the necessary investigating in less than thirty days.]

### III

EXCEPTIONS. Nothing in this memorandum should be construed to affect in any way the procedures outlined in the Disciplinary Procedures of each institution, including the right to appeal decisions of the Disciplinary Board to the Director.

It should be clearly understood that the Director welcomes and encourages any inmate or student who wishes to air his views or make any suggestions or recommendations whatever to forward them as usual to the Director in a sealed envelope.

Elayn Hunt
Director