Steven NORDGREN, Plaintiff-Appellant,

v.

Pete HAYWARD, Sheriff, Salt Lake County Jail, Defendant-Appellee.

No. 80–1558.

United States Court of Appeals, Tenth Circuit.

Submitted Sept. 10, 1980.

Decided Jan. 14, 1981.

---

Steven Nordgren, pro se.

Ted Cannon, Salt Lake County Atty., Jerry G. Campbell, Deputy County Atty., Salt Lake City, Utah, for defendant-appellee.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court dismissing plaintiff's action filed pursuant to 42 U.S.C. § 1983. Plaintiff brought this action while he was incarcerated in the Utah State Prison. He alleged that, before forwarding mail to him at the Utah State Prison, officials at the Salt Lake County Jail, where he had been a pretrial detainee, opened mail that clearly was marked as being from the district court to plaintiff. Plaintiff maintained that this violated his constitutional rights and sought declaratory relief and damages.

The matter initially went before a United States Magistrate, who directed the Salt Lake County Attorney to investigate mail practices and procedures at the Salt Lake County Jail and to report his findings to the court. The report contained a copy of the challenged mail regulations, which in pertinent part state:

(1) All incoming mail will be opened and inspected for contraband.

(2) Inmates wishing to have letters from attorneys or judges opened in their presence *must* accept the following:

(a) Have the attorney or court stamp the mail "privileged."

(b) "Privileged" letters will be processed after the other inmate mail has been processed and distributed.

(c) "Privileged" letters will be delivered Monday, Wednesday, and Friday—excluding holidays.

According to the report, the supervisor of policy and procedure at the Salt Lake County Jail told the investigator that the manual containing this regulation was in the process of being changed to accord with the Constitution, and the jail administrator stated that further mail from the court would be opened only if the inmate was present. In addition, the sheriff promised to correct any improprieties. In reliance on these representations, the magistrate concluded that, while plaintiff's action was not frivolous, it was moot and therefore that judicial action was unnecessary.[1] The district court adopted the magistrate's report and recommendation.

The initial question here is whether or not plaintiff's complaint is frivolous. In *Phillips v. Carey,* 638 F.2d 207 (10th Cir. 1981), we restated our rules that an in forma pauperis complaint is frivolous if the plaintiff cannot make a rational argument on the law or on the facts to support his claim, and that this determination may be made on the basis of an administrative report. *See Martinez v. Aaron,* 570 F.2d 317 (10th Cir. 1978) (en banc).

▆▆▆ Once it is determined, as it was here, that a pro se complaint is not frivolous, plaintiff's case may not be dismissed summarily except by procedures established under the Federal Rules of Civil Procedure. Thus, factual statements contained in an unverified administrative report, like those which served as the basis for dismissal in this case, may be submitted in affidavit form in accordance with the summary judgment requirements of Rule 56; or they may be reduced to admissions in accordance with Rule 36. They may not, however, be used to support factual determinations unless reduced to a form recognized by the rules. Such a practice "clearly circumvents the letter and spirit of the federal rules."

*Mitchell v. Beaubouef,* 581 F.2d 412, 415 (5th Cir. 1978), *cert. denied,* 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). In *Mitchell,* the district court summarily dismissed on the merits the claims of three pro se plaintiffs on the basis of an unverified administrative report submitted to a magistrate who made recommendations on the case to the district court. The Fifth Circuit declared,

> At most, the defendants' report should have been treated as an answer to the inmates' complaint, thus setting the stage for further pretrial proceedings in which, once the issues had been delineated, it could be determined whether any factual issues remained to be litigated in a bench trial, or, if either party demanded it pursuant to rule 38, Fed.R.Civ.P., in a trial by jury.

*Id.* In the case before us we find that, as matters stood at the time the magistrate recommended dismissal, the report should have been treated, at most, as an amendment to the defendants' answer.

This court is sympathetic to the problems of the district courts in their efforts to manage, with a proper emphasis on efficiency, the claims of pro se plaintiffs. By limiting the pretrial use of an unverified administrative report, however, the Federal Rules of Civil Procedure do not prevent the proper use of such a report to help the trial court shape the issues for trial. This use of the administrative report does not exhaust the aids available to the trial court in its efficient shaping of the issues. The court may, in addition to using the report, control the scope of discovery in connection with specific, properly pled but unresolved issues, such as damages. *See* Rule 26(c). If the parties use limited interrogatories under Rule 33 or limited requests for admission under Rule 36, the court may refuse to require answers to specified interrogatories, *see* Rule 37(a)(2)–(3), or specified requests for admission, *see* Rule 37(c), or the court may compel discovery under Rule 37. The court's broad powers under the panoply of

---

1. The magistrate concluded, "The proper purpose of the action has been accomplished. Even an injunctive order directed to the defendant is unnecessary, since corrective action has been taken."

discovery rules, which were confirmed and generalized in the 1970 revision of the rules, enable the court to manage the claims of pro se plaintiffs. The departure from these authorized procedures is unwarranted.

While it is true that the use of authorized devices for expedited procedure properly may simplify the disposition of most pro se cases, even cases in which the plaintiff may be entitled to some relief, this fact must not be taken to imply any denigration of a plaintiff's legitimate claims for relief. Even where the plaintiff fails to prove actual and substantial damages, or where the administrative misfeasance complained of is corrected after a complaint is filed but before judgment is entered in the case, the trial court must consider whether, on the basis of plaintiff's nonfrivolous request for relief, it ought properly to grant nominal damages, injunctive or declaratory relief, punitive damages, or other relief. In so saying, we imply no opinion on whether plaintiff is ultimately entitled to any relief.

Because plaintiff's complaint states a claim upon which relief may be granted, we must vacate the court's dismissal and remand this case for further proceedings consistent with this opinion and the Federal Rules of Civil Procedure.

Vacated and remanded.