986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Billy Wayne LOYD, Plaintiff-Appellant,
v.
Willie HIGGINS, Elaine Alexander, and Linda Sneed,
Defendants-Appellees.
 No. 92-7113.
 United States Court of Appeals, Tenth Circuit.
 Feb. 19, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff filed this § 1983 action seeking monetary damages and injunctive relief for alleged violations of his constitutional rights during his imprisonment at a minimum security prison in Oklahoma. During the pendency of this suit, he was released from prison.[2]
 
 
 3
 Plaintiff first alleges that Defendants violated his constitutional right to access to the courts by failing to provide access to a law library as required by Bounds v. Smith, 430 U.S. 817 (1977). Plaintiff next claims that Defendants illegally opened, outside his presence, privileged legal mail that he received while in their custody. See Nordgren v. Hayward, 638 F.2d 224 (10th Cir.1981). The district court denied relief under Fed.R.Civ.P. 12(b)(6) and 28 U.S.C. § 1915(d) (1988), and Plaintiff brings this appeal.
 
 
 4
 We have conducted an independent review of the entire record, including Plaintiff's complaint, Plaintiff's response to Defendants' motion to dismiss, the Special Report that the Oklahoma Department of Corrections prepared on this incident, and the Department of Corrections' written policies on law libraries and prisoner mail. On the basis of that review, we conclude that the district court was correct in dismissing the complaint.
 
 
 5
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 Appellant's motion for judgment against the Appellees based on their mailing of their brief to his prison address rather than to his home address is denied