**John B. TARLTON, Jr., Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 29408.**

United States Court of Appeals, Fifth Circuit.

Aug. 11, 1970.

John B. Tarlton, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga. for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM.

This is an appeal from the denial by the District Court of the petition of Tarlton, a federal prison inmate, who

complains that he is being required to work while physically incapacitated and who seeks medical treatment which allegedly has been denied him.[1]

The District Court denied relief without an evidentiary hearing on the grounds that Tarlton had failed to exhaust his administrative remedies. The petitioner then wrote the District Court asserting that he had, in fact, exhausted his administrative remedies and enclosed his returned inmate requests to staff members and copies of letters from a representative of the Surgeon General. He also filed an affidavit in support of his motion to appeal in forma pauperis, in which he stated that he had exhausted his administrative remedies by writing to the Surgeon General, the Attorney General and the Director of the Bureau of Prisons concerning his complaints.

The District Court did not thereafter entertain the petition as an amended petition or as a motion for rehearing but instead granted leave to appeal in forma pauperis.

■■ If Tarlton's assertions are true, he has sought relief through administrative channels before bringing his complaint in the District Court. Accordingly, we vacate the judgment of the District Court and remand for its determination of whether petitioner has exhausted his administrative remedies. If so, the court should then determine whether this is one of those exceptional cases in which the court should entertain and hear complaints about the internal operation and administration of the prison. If, however, the petitioner is not entitled to relief on his allegations, no hearing is required. Diehl v. Wainwright, 5 Cir. 1970, 419 F.2d 1309; Granville v. Hunt, 5 Cir. 1969, 411 F.2d 9.

Vacated and remanded.

---

1. Pursuant to our Rule 18 this case is decided without oral argument.