**Michael A. LIGHT, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 29295.

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1970.

Michael A. Light, pro se.

William Stafford, U. S. Atty., Stewart J. Carrouth, Asst. U. S. Atty., Pensacola, Fla., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Michael A. Light, a federal prisoner, appeals from the denial of habeas corpus relief which he sought in the United States District Court for the Northern District of Florida. We affirm.[1]

Appellant is presently confined at the Eglin Air Force Base Federal Prison Camp, in Florida, where he is serving a sentence imposed by the United States District Court for the Southern District of New York. His conviction in that court was affirmed on direct appeal. United States v. Light, 2 Cir. 1968, 394 F.2d 908.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966.

1. Pursuant to our Rule 18 this case is decided without oral argument.

Appellant filed in the court below a motion to vacate sentence pursuant to 28 U.S.C. § 2255. Included in his motion were two basic allegations. The first allegation was that he had been denied certain constitutional rights during his trial in the Southern District of New York. The court below refused to entertain this collateral attack on the validity of appellant's conviction, ruling that it must be filed in the convicting court. This ruling was clearly correct [2] and appellant does not now contest it.

Appellant's second allegation has to do with his treatment during confinement. He alleges that the prison authorities are denying him any opportunity to maintain a confidential relationship with his retained counsel. He asserts that all letters to and from his counsel are censored, that all telephone conversations are monitored, and that a prison guard is always present during visits from counsel, when such visits are allowed. With regard to this allegation the district court noted:

> "This allegation is improperly raised in a Section 2255 motion, but it would constitute grounds for a habeas corpus petition. This Court therefore is disposed to, and will, consider this allegation as requesting habeas corpus relief."

The court denied relief, and we affirm on the ground that appellant has failed to exhaust his administrative remedies.

What we said very recently concerning the requirement of exhaustion is relevant here:

> "[I]n the administration of federal prisons primary responsibility for supervision is delegated by statute to the Bureau of Prisons under the direction of the Attorney General, 18 U.S.C. § 4001 and § 4042. Under that authority the Bureau has promulgated rules and regulations for the proper administration of the various prisons and has established effective means to review actions taken by local prison officials. Green v. United States, 283 F.2d 687 (3d Cir. 1960). In line with these regulations, grievances of prisoners concerning prison administration should be presented to the Bureau through the available administration channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case."

Paden v. United States, 5 Cir. 1970, 430 F.2d 882; see Tarlton v. United States, 5 Cir. 1970, 429 F.2d 1297; Quick v. Thompkins, 5 Cir. 1970, 425 F.2d 260; Hess v. Blackwell, 5 Cir. 1969, 409 F.2d 362.

In the present case appellant has not alleged that he has applied to the Bureau of Prisons for relief. In the absence of such a showing, his application for habeas corpus relief should not be entertained.

Affirmed.

---

2. *See, e. g.,* Walker v. United States, 5 Cir. 1970, 429 F.2d 1301, and cases cited therein.