**James Andrew FREEMAN, Plaintiff,**

v.

**Judge Richard FULLER, and Dade County Rehabilitation Services, Defendants.**

**No. 85–3689–Civ–Aronovitz.**

United States District Court, S.D. Florida, Miami Division.

Dec. 20, 1985.

---

## ORDER OF DISMISSAL

ARONOVITZ, District Judge.

THIS CAUSE came before the Court upon a *sua sponte* review of the record. The Court has carefully considered the entire record of the Cause including Plaintiff's *pro se* complaint, the applicable law, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the instant Cause be, and the same is, hereby DISMISSED for failure to state a claim under Title 42, United States Code, Section 1983.

The complaint at bar is a completed form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." As the instant Order of Dismissal demonstrates, the grievances set forth in the form complaint do not state a claim cognizable under 42 U.S.C. § 1983 against the two named defendants. The defendants in the instant case are Judge Richard Fuller, a state circuit court judge for the Eleventh Judicial Circuit in and for Dade County, and Dade County Rehabilitation Services. The claims against the two defendants appear at Paragraph IV of the *pro se* complaint. As to Judge Fuller, that paragraph states, "I'm filing claims against Richard Fuller for unlawful sentencing in 3– –80 and mental cruelty." As to Defendant Dade County Rehabilitation Services, Paragraph IV states, "I James Freeman is (sic) filing against Dade Co. Jail for *Double Jeopardy*

on charges which was (sic) dismissed once in the courts and placing me a none (sic) violent person in a cell with harden (sic) criminals on 10–31–85, Cell 5B3. My charge was escape, for leaving a work release program. This cell contained people with more than 1 counts (sic) of various hard crimes(—)murder(,) rape(,) etc." With respect to damages, Plaintiff claims that he "need(s) a mental evaluation and financial aid with bills that buil(t) up on (his) family while (he) was incarcerated." Paragraph V of Complaint.

At the outset, this Court notes that state prisoners' *pro se* civil rights complaints are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Such a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Even applying this extremely liberal standard to the case at bar, the Court finds that the *pro se* complaint fails to state an actionable claim against the named defendants under § 1983.

To state a claim for violation of his civil rights under § 1983, Plaintiff must plead two essential elements. First, he must allege that the conduct complained of was committed by a person acting under color of state law. Secondly, he must allege that this conduct deprived him of rights, privileges or immunities secured by the Constitution or the laws of the United States. 42 U.S.C. § 1983. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1911–1912, 68 L.Ed.2d 420 (1981); *Morrison v. Washington County, Alabama,* 700 F.2d 678, 682 (11th Cir.1983).

■ No such allegations have been asserted against either defendant in the case at bar. First, as to the claims against Judge Fuller, the bald allegations of "unlawful sentencing" and "mental cruelty" do not fulfill the above pleading requisites for a § 1983 claim. A challenge to the fact or duration of a prisoner's confinement must

be brought in a habeas corpus action under section 2254 following exhaustion of state remedies. *Preiser v. Rodriguez,* 411 U.S. 475, 493–494, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439 (1973). This Court need not concern itself with possible section 2254 ramifications arising from the claim against Judge Fuller because the Plaintiff has been released from prison prior to its filing and only money damages are sought. Therefore, the instant claim is properly treated as one which comes solely under § 1983 and can be dismissed on that basis without converting it into a § 2254 claim and ascertaining whether state remedies have been exhausted. *Wahl v. McIver,* 773 F.2d 1169, 1171, n. 1 (11th Cir.1985). The instant allegations of unlawful sentencing do not rise to the level of a § 1983 civil rights claim and should be dismissed.

■ Even if the complaint did state a claim for violation of civil rights under § 1983, the complaint as it relates to Judge Fuller must still be dismissed for yet another reason, namely, the doctrine of judicial immunity. The pertinent caselaw clearly holds that a judge is absolutely immune from liability in a lawsuit like the one at bar, provided that certain factual circumstances are present. In order to ascertain whether Defendant is immune from the instant suit, the two part test of *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), must be applied. First, the Court must determine whether Judge Fuller's alleged action of "unlawful sentencing" was made while acting in his judicial capacity. There can be no doubt that the act of sentencing falls squarely within the ambit of the judge's official duties attendant to presiding over criminal cases. The claimed unlawful sentencing constituted judicial acts which would normally be performed by a judge. *Henzel v. Gerstein,* 608 F.2d 654 (5th Cir.1979).

■ Secondly, the Court must look to whether or not Judge Fuller's alleged actions fell clearly outside of his jurisdiction as a circuit court judge in Florida. The Eleventh Circuit, in its consideration of a case not unlike the one at bar, quoted from

the *Sparkman* case to distinguish the matter of jurisdiction from claims of wrongful exercise of judicial duties. In the decision of *Scott v. Hayes*, 719 F.2d 1562, 1566 (11th Cir.1983), that Court stated:

> A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.

In the instant case, the allegations of "mental cruelty" do not take the conduct complained of out of the realm of Judge Fuller's jurisdiction to impose sentences in criminal cases. Therefore, his activities are protected by the judicial immunity doctrine. Applying the two-part test in *Sparkman, supra,* Judge Fuller cannot be deemed liable even if the claim of unlawful sentencing is somehow redressable pursuant to § 1983. The doctrine of judicial immunity absolutely precludes a finding of liability under § 1983 against Judge Fuller.

■ With respect to Defendant Dade County Rehabilitation Services, the § 1983 complaint must likewise be dismissed. To begin with, there is no entity by the name of Dade County Rehabilitation Services. There is a Dade County Department of Corrections and Rehabilitation, but that department is part and parcel of the Dade County Jail system which is under the auspices of Metropolitan Dade County government. Assuming *arguendo* that the proper entity was named as a defendant to the instant case, the § 1983 claim would still fail. The claim against Defendant Dade County Rehabilitation Services alleges double jeopardy. Double jeopardy, like unlawful sentencing, is not really an appropriate basis for a § 1983 claim and is more properly asserted in the state trial and appellate courts where Plaintiff's conviction was rendered. Federal courts will generally interfere only after state court remedies have been exhausted and then only pursuant to a § 2254 petition, which in all likelihood, probably cannot be successfully asserted by the *former* inmate at bar. *See Malloy v. Purvis,* 681 F.2d 736 (11th Cir.1982) *cert. denied,* 460 U.S. 1071, 103 S.Ct. 1527, 75 L.Ed.2d 949 (1980); *Sinclair v. Blackburn,* 599 F.2d 673 (5th Cir.1979).

■ In any event, the instant claim against the entity in charge of Dade County's prisons is, in actuality, not a double jeopardy claim, but an attack on placement of the plaintiff while he was incarcerated. Plaintiff complains that as a non-violent person, charged merely with escape from a work release program, he should not have been placed in the same cell with persons either accused or convicted of violent crimes. He maintains that this erroneous placement resulted in mental distress which precludes him from finding and holding a job. The allegation of wrongful placement cannot support a § 1983 action because placement of an inmate is a matter peculiarly within the province of prison authorities' administrative duties. Correctional authorities have wide discretion in matters of internal prison administration, and reasonable action within the scope of that discretion does not violate a prisoner's constitutional rights. *Smith v. Schneckloth,* 414 F.2d 680 (9th Cir.1969). Further, federal courts, being ill-equipped to involve themselves in the administration of state prisons, accord great deference to administrative decisions rendered by prison authorities and will not interfere except in extreme cases. *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Newman v. State of Alabama,* 683 F.2d 1312 (11th Cir.1982), *cert. denied,* 460 U.S. 1083, 103 S.Ct. 1773, 76 L.Ed.2d 346 (1983); *Gardner v. Joyce,* 482 F.2d 283 (5th Cir. 1973), *cert. denied,* 414 U.S. 1096, 94 S.Ct. 731, 38 L.Ed.2d 555 (1974); *Granville v. Hunt,* 411 F.2d 9 (5th Cir.1969).

■ The instant claim is a good example of an internal administrative decision which is best left to prison authorities. Plaintiff does not state that he was placed in solitary confinement or that he was limited in his activities more than other prisoners due to his placement in Cell 5B3. He merely attacks his placement with inmates whom he believed to be dangerous. The claim is akin to an attack on an inmate's classifica-

tion. Decisions regarding classification of prisoners are not usually susceptible to attack through a civil rights action in federal court unless the circumstances are exceptional. *Young v. Wainwright,* 449 F.2d 338 (5th Cir.1971); *Brooks v. Wainwright,* 439 F.Supp. 1335 (M.D.Fla.1977). The allegations at bar do not make out such an exceptional case.

■ Classification and other internal administrative decisions constitutive of prison management, although generally not assertable in federal court under § 1983, are not immune from review. Rather, state and federal prisons have established procedures whereby inmates can present their grievances which arise from these management decisions. In fact, grievances of prisoners concerning prison administration must be presented through these available administrative channels prior to review by any other tribunal. *See, Jones v. Carlson,* 495 F.2d 209 (5th Cir.1974); *Paden v. United States,* 430 F.2d 882 (5th Cir.1970); *Tarlton v. United States,* 429 F.2d 1297 (5th Cir.1970).

Plaintiff states at Paragraph II D in the instant complaint that he had begun to institute a grievance pursuant to the prison's grievance procedure, but that he was released before the "complaint was completed". Reinstitution of this grievance may be an appropriate means of furthering the instant claims because as it is currently pled, the complaint at bar cannot be sustained in federal court against the entity in charge of operating the Dade County Jail.

Accordingly, the Court on its own initiative deems the instant *pro se* complaint inadequate to state a § 1983 claim against the named defendants. Therefore, pursuant to its power to dismiss *sua sponte* any insufficient complaint, the instant action which is solely before this Court on a § 1983 claim, is hereby DISMISSED for failure to state a cognizable claim under that statute against Defendants Judge Richard Fuller and Dade County Rehabilitation Services. *See,* 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1357 at 593.