**Gloria Jean HICKSON, Individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**Ron BURKHART, Individually and in his capacity as Warden of the Federal Correctional Institution, Alderson, West Virginia; and Suzanne Knight, Individually and in her capacity as Associate Warden of the Federal Correctional Institution, Alderson, West Virginia, Defendants.**

**Civ. A. No. 5:86–0533.**

United States District Court, S.D. West Virginia, Beckley Division.

May 5, 1986.

Gloria Jean Hickson, pro se.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

█ This day the Court having considered solely[1] the petition of Gloria Jean Hickson for leave to proceed herein *in forma pauperis* hereby grants such leave and the Clerk is directed to file without prepayment of costs or fees her complaint and accompanying motions. The Clerk is is further directed, however, to restyle this action so that the complaint reads in the Plaintiff's name alone, the caption being henceforth GLORIA JEAN HICKSON, Plaintiff, vs. RON BURKHART, ETC. At this very early point in the litigation the Court declines to rule on Plaintiff's motion for appointment of counsel.

█ The Court, however, chooses to address the motion for class certification. In passing on this issue the Court has scrutinized Plaintiff's complaint very thoroughly. In her demand for relief she seeks in addition to damages and declaratory judgment that the Court issue "preliminary and permanent injunction against the Defendants, their successors in office, agents and employees and all other persons in active concern [sic] with them enjoining ... any delays and deprivation of the halfway house unless and until written standards and criteria are promulgated for determining the propriety and procedures upon arrival at the prison to inmates to for transfer to halfway house." She elaborates and seeks a further mandatory order from the Court to the effect as follows: "Every inmate about to be transferred is given written notice of eligibility or reason for denial of halfway house placement in addition to seeking an order to immediately place the

---

1. Although class actions may be appropriate in some inmate initiated cases, *see and compare Kirby v. Blackledge,* 530 F.2d 583 (4th Cir.1976), a class should not be certified where a *pro se* litigant seeks to represent a class. *Oxendine v. Williams,* 509 F.2d 1405 (4th Cir.1975). The Court, however, should allow a petitioner to state individual claims or, *in its discretion,* appoint counsel to represent a viable class. *See for example, Johnson v. Levine,* 450 F.Supp. 648 (D.Md.1978); *Nelson v. Collins,* 455 F.Supp. 727 (D.Md.1978).

Plaintiff in a halfway house." If the Plaintiff were able to establish her right to such relief, such right would have to rise to the level of a duty placed upon the officials by constitution, statute or regulation adopted pursuant to statute, coupled with a proper showing of proof that Plaintiff has been denied such "right" by the action or inaction of the Defendants. Assuming that further development of this case would lead to the establishment of Plaintiff's claim and demand for injunctive relief, the relief afforded by the Court to redress her injury would be complete to the Plaintiff and would as well, if properly framed in an injunction, inure to the benefit of all inmates similarly situate. For this reason, class certification is unnecessary in this case. For the additional reason that Plaintiff's case is very precise and alleges an injury personal only to her and perhaps factually only applicable to the history of her treatment at the hands of the allegedly offending officials, class certification would be inappropriate. On these two bases and because as noted previously, Plaintiff is *pro se*, the Court denies Plaintiff's motion for class certification.

■ Turning as it must to the jurisdictional basis for this action, the Court notes that there are no facts alleged which satisfy this Court's limited subject matter jurisdiction pursuant to 42 U.S.C. § 1983, as this action has been characterized by the Plaintiff in her pleadings. An action against federal officials is not maintainable under 42 U.S.C. § 1983. *District of Columbia v. Carter*, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973). Nevertheless this Court may have subject matter jurisdiction granted by the federal common law and pursuant to 28 U.S.C. § 1331 to award damages and perhaps other relief occasioned by constitutional torts, that is, by infringements of Plaintiff's constitutionally protected interests through the actions or inactions of federal officials. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971): *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). Although it would re-

quire amendment and an action brought directly against the United States rather than the named Defendants herein, Plaintiff may have a cause of action for negligent acts or omissions of federal employees if tortious under the law of West Virginia as authorized by 28 U.S.C. §§ 1346, 2671–80, the latter being the Federal Tort Claims Act. *Norton v. U.S.*, 581 F.2d 390 (4th Cir.1978); *see U.S. v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). In addition, in certain situations federal prisoners may avail themselves of 28 U.S.C. § 2241 to make a habeas corpus challenge when presenting substantial claims concerning conditions of confinement. *See Willis v. Ciccone*, 506 F.2d 1011, 1014 (8th Cir.1974); *Light v. U.S.*, 430 F.2d 932 (5th Cir.1970). Plaintiff is cautioned, however, that inmates must exhaust available administrative remedies before filing either a claim under the Federal Tort Claims Act or a § 2241 petition. *See* 28 U.S.C. § 2675 (exhaustion requirement under the Federal Tort Claims Act); *Mason v. Ciccone*, 531 F.2d 867 (8th Cir.1976) (exhaustion is required prior to filing a § 2241 petition if the administrative procedures are expeditious and provide a real possibility for relief). Finally, under very limited circumstances, 28 U.S.C. § 1361 may confer jurisdiction to a federal court to employ the remedy of mandamus for federal prisoner actions to enforce constitutional and statutory duties that are clear and free from doubt. *Holmes v. U.S. Board of Parole*, 541 F.2d 1243 (7th Cir.1976) (prisoner classification), *overruled on other grounds*, *Solomon v. Benson*, 563 F.2d 339 (7th Cir. 1977); *Kahane v. Carlson*, 527 F.2d 492 (2d Cir.1975). Mandamus, however, is an extraordinary writ that will be granted by a court only if all other relief is unavailable. *See Ex Parte Fahey*, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947).

■ With the above legal principles, it is possible that Plaintiff may be entitled to some relief in this Court. That, however, remains to be developed by further pleadings and the Court directs the Plaintiff, if she wishes to pursue all aspects of her

present demand for relief, to file with the Court promptly, serving copy on the Defendants and the United States Attorney for the Southern District of West Virginia, further specification of the pleading to set forth specifically the constitutional right invoked, if any, the statute invoked, if any, the regulation invoked, if any, and cite to the Court the specific duties placed upon the Defendants as governing officials of a federal correctional institution requiring them to do the things that she demands be done in her favor. Plaintiff's pleadings on those points are implicit and conclusory at best under the present allegations.

The Clerk is ORDERED to issue process pursuant to *Rule* 4 of the Federal Rules of Civil Procedure, serving the Defendants and the United States Attorney for the Southern District of West Virginia with a copy of the complaint and this Memorandum Opinion and Order.

The Defendants are ORDERED, when making answer to the complaint, to accompany such answer and/or other responsive pleadings with any records, statutory duties or obligations, or obligations placed upon them by regulation which would fully answer and provide justification for the actions they are alleged to have taken in respect to the Plaintiff. The Court is particularly interested in Defendants' views concerning their obligations or discretionary decisions attendant to the referral of any inmate to a community treatment center or halfway house for the final months of her incarceration.