Richard Ronald DATZ, Jr., Plaintiff,

v.

Bobby K. WHITWORTH and Nelson Brinson, Defendants.

Civ. No. 1:91–cv–3054–JEC.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 26, 1992.

Richard Ronald Datz, Jr., pro se.

Daryl A. Robinson and Neal B. Childers, Office of State Atty. Gen., Atlanta, Ga., for defendants.

ORDER

CARNES, District Judge.

This case is presently before the Court on the Plaintiff's Motion for Class Certification [8–1]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the motion should be denied.

Plaintiff Richard Ronald Datz filed this purported class action of behalf of state prison inmates. The Complaint alleges constitutional violations at the Hays Correctional Institute, including that: (1) Defendants conducted unlawful disciplinary hearings,[1] (2) Defendants violated inmates' constitutional right to access to the courts, and (3) Defendants confiscated inmates' personal hygiene items. Plaintiff requests both injunctive relief and damages. Plaintiff has moved to certify a class consisting of all inmates who were or are incarcerated in the Georgia state prison system, excluding those incarcerated at the Georgia State Prison. (Mot. for Class Cert. ¶ 2).

A. *Class Certification*

In order to maintain a suit as a class action, Plaintiff must show that the four prerequisites of Rule 23(a) have been met and that one of the provisions of Rule 23(b) applies. FED.R.CIV.P. 23; *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 721 n. 2 (11th Cir.1987), *cert. denied*, 485 U.S. 959, 108 S.Ct. 1220, 99 L.Ed.2d 421 (1988). Thus, a representative may sue on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative are typical of those of the class, and (4) the representative party will fairly and adequately protect the interests of the class. FED.R.CIV.P. 23(a). Further, because Plaintiff here seeks class certification under Rule 23(b)(3),[2] the Court must find that (1) the

---

1. Plaintiff alleges that the hearings were conducted by one person instead of three and that inmates are not given adequate notice of the hearings or the right to call witnesses on their behalf.

2. In his complaint, Plaintiff asserted that the class should be certified pursuant to Rule 23(b)(2). However, in his request for class certification he requested certification under Rule 23(b)(3).

questions of law or fact common to the members of the class predominate over those questions affecting individual members only, and (2) that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. FED.R.CIV.P. 23(b)(3); *Kirkpatrick*, 827 F.2d at 721 n. 2.

The Court concludes that class certification is not appropriate in this case for two reasons. First, it appears to the Court that the questions of law or fact common to the members of the class do not predominate over those questions affecting individual members only. Moreover, it is apparent to the Court that a class action is not superior to other available methods for the fair and efficient adjudication of this controversy. Given the nature of Plaintiff's claim and the relief requested, the Court concludes that, in the event that further development of the case establishes that there is merit to Plaintiff's claims, the Court will be able to frame any injunctive relief granted broadly enough to benefit all similarly situated inmates. *See Hickson v. Burkhart*, 110 F.R.D. 177, 179 (S.D.W.Va.1986); *Ferguson v. Housing Auth. of Middlesboro*, 499 F.Supp. 334, 335 (E.D.Ky.1980). Thus, individual adjudication of Plaintiff's claims and appropriate injunctive relief to benefit all class members is superior to a class action for the fair and efficient adjudication this case.

### B. *Rule 42(a) Consolidation*

Furthermore, the Court concludes that this action involves questions of law and fact that are common to another action filed by Plaintiff and currently pending before this Court, *Datz v. Brinson, et. al.*, No. 91–cv–2615–JEC.[3] Thus, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Court consolidates this action with case number 91–cv–2615–JEC.

Accordingly, Plaintiff's Motion for Class Certification [8–1] is DENIED. The Clerk is ORDERED to consolidate this action with case number 91–cv–2615–JEC. The Clerk is further directed to restyle the consolidated action so that the complaint reads in the Plaintiff's name alone, the caption now reading RICHARD RONALD DATZ, JR., Plaintiff, vs. NELSON BRINSON, ET. AL., Defendants.[4]

SO ORDERED.

---

**3.** *Brinson*, like this action, involves alleged constitutional and statutory violations at the Hays Correctional Institute between July and October 1991.

**4.** Plaintiff filed case number 91–2615 "on behalf of himself and all others similarly situated."

However, Plaintiff has not moved for class certification in that action. For the reasons discussed in this Order, the Court will treat the consolidated case as one brought on behalf of Datz individually.