**Harold Raymond HOOKS,
Plaintiff-Appellee,**

v.

**Louie L. WAINWRIGHT, etc.,
Defendant-Appellant.**

**Harold Raymond HOOKS, et al.,
Plaintiffs-Appellees,**

v.

**Louie L. WAINWRIGHT, etc.,
Defendant-Appellant.**

No. 84–3756.

United States Court of Appeals,
Eleventh Circuit.

Feb. 14, 1986.

Mitchell D. Franks, Chief Trial Counsel, Walter M. Meginniss, Asst. Atty. Gen., Dept. of Legal Affairs, Civ. Div., Tallahassee, Fla., for defendant-appellant.

James W. Clute, U.S. Dept. of Justice, Civil Rights Div., Washington, D.C., Richard A. Belz, Fla. Institutional Legal Services, Inc., Gainesville, Fla., Peter M. Siegel, Florida Justice Institute, Inc., Miami, Fla., Charles H. Livingston, Sarasota, Fla., for plaintiff-appellee.

---

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

(Opinion 11–12–85, 11 Cir., 775
F.2d 1433).

Before RONEY and FAY, Circuit Judges, and DUMBAULD *, Senior District Judge.

PER CURIAM:

The petition for rehearing is DENIED. This being an interlocutory appeal for the purpose of getting a single question decided, there has been no decision here as to whether the State's library plan is sufficient to meet the requirements of *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), and we make no observations as to what is necessary in a particular case to meet those standards.

The Court having been polled at the request of one of the members of the court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the Suggestion for Rehearing En Banc is also DENIED.

CLARK, Circuit Judge dissenting, in which HATCHETT, Circuit Judge, joins:

In this case of first impression involving a matter of great public interest, our full court fails to consider en banc a panel

---

* Honorable Edward Dumbauld, Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

opinion which on its face misinterprets *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). The Supreme Court in *Bounds* was asked by North Carolina officials: May we be required to furnish law libraries *or* assistance of counsel as means of providing prisoners access to the courts? The Court answered in the affirmative. The panel in *Hooks* was asked by Florida officials: If law libraries fail to provide meaningful access to a group of illiterate prisoners, may we be required to furnish assistance of counsel to ·the members of that group? The panel, by not conceding that the issue presented to it is different and narrower than the one presented in *Bounds,* has erroneously concluded: "The holding of *Bounds* supports the State's position in this case because the Court there rejected the argument made by the plaintiffs here." *Hooks v. Wainwright,* 775 F.2d 1433, 1434 (11th Cir.1985). The Supreme Court in *Bounds* was not asked to compel assistance of counsel and thus did not decide the issue presented to the panel in this case.[1]

The comparison of *Bounds* to the instant case should focus on the incremental methodology of formulating law through the judicial process. That method requires a court to answer the question presented to it in the narrowest possible context. The Supreme Court in *Bounds* answered the question presented to it in that appeal. The panel in *Hooks* fails to recognize that it was presented with a narrower sub-issue of the question answered by the Supreme Court, and therefore wrongly assumes that the issue is the same.

That the Supreme Court in *Bounds* left open the issue here is demonstrated by the Court's commentary on the scope of a prisoner's right to meaningful access. The *Bounds* Court noted that the constitutional dimension of this right has developed as

the context of each case has required. *See* 430 U.S. at 823–24, 97 S.Ct. at 1495–96 (discussing *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) and *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). It explicitly stated that none of its prior opinions constituted "[an] attempt to set forth the full breadth of the right of access." *See Bounds* 430 U.S. at 824, 97 S.Ct. at 1496. More importantly, it emphasized that *Bounds* itself was not a definitive statement regarding the state's obligation to furnish meaningful access to the courts.

It should be noted that while adequate law libraries are one constitutionally acceptable method to assure meaningful access to the courts, *our decision here, as in Gilmore, does not foreclose alternative means to achieve that goal..... Any plan, however, must be evaluated as a whole to ascertain its compliance with constitutional standards.*

*Id.* at 830–32, 97 S.Ct. at 1499–500, 52 L.Ed.2d at 80 (footnotes omitted) (emphasis added).

It was against this background of Supreme Court precedent that the district court evaluated Florida's prison library plan. The district court made clear findings of fact that because of the barriers of language and illiteracy, numerous Florida prisoners would not have meaningful access under the plan unless assistance of counsel is afforded in preparing complaints for filing or in explaining that a prisoner has no claim. No other assistance by counsel was required by the district court. Our court should decide, on the basis of this district court record and the *full* range of Supreme Court precedent, whether Florida constitutionally may be compelled to offer such assistance. In no respect has *Bounds* foreclosed our consideration of this issue.

---

1. The district court on the latest remand in the *Bounds* case on 5/14/85, 610 F.Supp. 597 (D.C. N.C.1985) concluded "that the best alternative would be to provide them [prisoners] with some form of assistance from trained attorneys.... This conclusion should not come as a revelation to anyone. In *Bounds v. Smith,* the Supreme Court clearly·expressed its preference for the

use of some form of legal services program for inmates." *Id.* at 603.

It is obvious that the district court in the *Bounds* case itself did not construe the Supreme Court to have forbidden the imposition of a plan that required assistance of counsel if libraries alone were ineffective in guaranteeing access to the courts.