Pat CANTERINO, et al., Plaintiffs,

and

United States of America,
Plaintiff-Intervenor,

v.

George WILSON, et al., Defendants.

Civ. A. No. 80–0545–L(J).

United States District Court,
W.D. Kentucky,
Louisville Division.

Sept. 15, 1986.

See also, 564 F.Supp. 711, and 538 F.Supp. 62.

---

Leslie W. Abramson, University of Louisville School of Law, Louisville, Ky., Alvin J. Bronstein, ACLU Nat. Prison Project, Washington, D.C., Eleanor F. Martin, David A. Friedman, Legal Aid Soc., Inc., Louisville, Ky., for plaintiffs.

Barbara W. Jones, Gen. Counsel, Linda G. Cooper, David A. Sexton, Corrections Cabinet, Frankfort, Ky., for Wilson, Kassulke & Chandler.

J. Gary Bale, Office of Legal Services, Dept. of Educ., Frankfort, Ky., for Barber.

Joseph Whittle, U.S. Atty., Wm. Bradford Reynolds, Asst. Atty. Gen., V. Colleen Miller, Special Litigation Counsel, U.S. Dept. of Justice, Civil Rights Div., Washington, D.C., for the U.S.

## MEMORANDUM

JOHNSTONE, Chief Judge.

This case is before the court on defendants' motion to alter or amend this court's July 26, 1982 and February 10, 1983 orders concerning the access to the courts issue.

Plaintiffs, inmates at the Kentucky Correctional Institution for Women (KCIW), instituted this action in 1981 for relief concerning conditions of their confinement, disparate treatment of men and women incarcerated in Kentucky prisons, and denial of vocational training and educational opportunities. This motion is limited to the issue of access to the courts.

After a four-week trial, this court held that a substantial disparity existed between legal resources available to females at KCIW and those provided to male inmates under § 8 of the Consent Decree in *Kendrick v. Bland,* 541 F.Supp. 21 (W.D.Ky. 1981). *Canterino v. Wilson,* 546 F.Supp. 174 (W.D.Ky.1982). Specifically, this court found that females at KCIW only recently were provided minimal access to adequate legal resources, and also lacked any history of self-help in the legal field. Therefore, this court ordered defendants to supply KCIW law library facilities equivalent to those provided to male prisoners at Kentucky State Reformatory (KSR) and Kentucky State Penitentiary (KSP), substantially increase the amount of non-program time the library is open, and provide the equivalent of a half-time attorney to assist inmates in all areas of demonstrated need. The court held these minimal steps necessary to comply with the equal protection clause and with *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 572 (1977). 546 F.Supp. at 216.

Following that decision, defendants moved for supplemental relief with respect to the court's attorney assistance requirement for the female inmates. *Canterino v. Wilson,* 562 F.Supp. 106 (W.D.Ky.1983). In reiterating its earlier decision, this court noted that defendants failed to meet their burden of showing that legal needs of prisoners were served by the existing programs, and ordered defendants to formulate a plan which "must in some way provide for identification of either paid or volunteer attorneys or paralegal advisors within the meaning of *Bounds....*" 562 F.Supp. at 112.

This court also noted that although the law library was complying with earlier established standards as a source of legal information, (*Canterino,* 546 F.Supp. at 216), the physical conditions of and access to the library were inadequate. In addition, this court found that the training provided to inmate legal aides was insufficient because it was limited to legal research and did not teach the type of research and writing skills necessary to prepare legal briefs in civil matters. *Canterino,* 562 F.Supp. at 110.

In conclusion, this court again noted that its decision was based on the disparity of access provided to female and male inmates:

Historically, women inmates have not gained the experience of their male counterparts in providing legal assistance to other inmates as "writ-writers" or "jail-house lawyers" because of the unavailability for many years of sufficient legal resources.... The actions pending before this Court reflect the absence of effective inmate writ-writers at KCIW in comparison to the State's male institutions.... The services of an attorney is justified, not because there is or is not a similar program offered at the men's prisons, but because, unlike the male population generally, the women do not have a history of self-help in the legal field; the evidence tends to show that until recently they have had little access to adequate legal resources.

562 F.Supp. at 112.

Defendants now state that they will not implement the attorney assistance program voluntarily, but only upon order of the court. Although this court construes its decision in 1983 as such an order, it has reviewed the renewed arguments of both sides with respect to this matter. Defendants argue that a half-time attorney will "do the work for the inmates and not take on the role of a teacher," and propose, instead, an expansion of the Office of Public Advocacy legal training program. Defendants also cite two recent court decisions as construing *Bounds* in support of their position, *Lindquist v. Idaho State Board of Corrections*, 776 F.2d 851 (9th Cir.1985), and *Hooks v. Wainwright*, 775 F.2d 1433 (11th Cir.1985).

In *Lindquist*, the court held that *Bounds* does not require a state to provide inmates with both access to a competent law library and legal assistance. The court noted that several experienced writ-writers were present within the Idaho prison system, and that the system provided videotape training courses for inmate law clerks. 776 F.2d at 856–7. Similarly, in *Hooks*, the court reversed a Florida district court which ordered that state's prison system to provide legal services, after noting the inadequacies of the law library system. The

appellate court stated that district courts which interpret *Bounds* as mandating legal assistance are in error, and that if inmates are not constitutionally entitled to the assistance of counsel in 42 U.S.C. § 1983 cases [*see Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir.1975)], no rational basis exists on which to mandate counsel for prisoners considering, filing or pursuing such claims. 775 F.2d at 1498. [In support of denial of a motion for rehearing *en banc*, the court stated that the earlier opinion was an interlocutory appeal on the legal assistance issue alone, and that no decision had been made concerning the adequacy of the law library. Two dissenting judges stated that the earlier opinion misinterpreted *Bounds* and failed to recognize that its issue was more narrow, given the alleged law library inadequacies. *Hooks v. Wainwright*, 781 F.2d 1550, 1551 (11th Cir.1986)] This court agrees with the dissenting judges, and declines to follow the above cases for reasons which follow.

In *Bounds*, the Supreme Court reaffirmed the existence of a constitutional right to meaningful access to the courts, which requires states to provide inmates with adequate law libraries or adequate assistance from legally-trained persons. 97 S.Ct. at 1498. In so holding, the court noted that although some states have established a combination of both, a legal access program does not require any of the particular elements named, but rather, must be evaluated as a whole to ascertain compliance with constitutional standards. 97 S.Ct. at 1499–1500. On remand, the district court later held that, absent proof of an adequate law library or inmate paralegal training program, the state was required to submit a plan for providing some form of legal assistance. *Smith v. Bounds*, 610 F.Supp. 597, 606 (D.C.N.C. 1985).

This court finds its earlier decisions consistent with *Bounds* and distinguishable from *Lindquist* and *Hooks*. In ordering the state to provide a plan for inmate legal assistance, this court relied, not only on

*Bounds,* but on the Fourteenth Amendment equal protection guarantee. Thus, this court held that in order to provide meaningful access to the courts to the female inmates at KCIW, the state should provide the same opportunities accorded to male inmates at the other prisons. In order to provide equal opportunities in this situation, inmate legal assistance is necessary, since the past unavailability of legal resources has prevented females from gaining legal assistance experience comparable to that of the male writ-writers.

This decision is consistent with *Bounds,* in that this court has determined that the existing law library facilities alone are not sufficient to provide meaningful access. Although the state's substitute proposal of additional legal training—such as that found in *Lindquist*—is a workable idea for the future, that proposal alone is insufficient to establish equality of access among the female and male inmate populations.

Plaintiffs propose that a half-time attorney be hired on a short-term basis (ie: 18 months) in order to evaluate the program's effectiveness. This court agrees with this proposal and further suggests, in order to alleviate defendants' concerns, that the program include inmate training and assistance.

An appropriate order shall accompany this memorandum.

### ORDER

In accordance with the memorandum opinion this date entered,

IT IS ORDERED:

1. Defendants' motions to alter and amend this court's earlier decisions rendered July 26, 1982 and February 10, 1983 are DENIED;

2. In accordance with those opinions, defendants shall hire a half-time attorney for an initial eighteen-month period to assist and train the female inmates in all areas of demonstrated legal need.