**Walter Gene SCOTT, Plaintiff-Appellant,**

v.

**Clarence JONES, Sheriff, Dallas County, et al., etc., Defendants-Appellees.**

**No. 73–2648.**

United States Court of Appeals, Fifth Circuit.

April 4, 1974.

Samuel W. Hudson, III, Dallas, Tex., for plaintiff-appellant.

John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for defendants-appellees.

Before RIVES, GEWIN and RONEY, Circuit Judges.

PER CURIAM:

Appellant Walter Gene Scott, a state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 seeking injunctive and declaratory relief against various officials of the Dallas County, Texas Jail asserting that the appellees were denying him proper psychiatric care.[1] Subsequent to the district court judgment denying appellant relief and appellant filing his notice of appeal, he was transferred from the Dallas County Jail to the state prison in Huntsville, Texas.[2] Thus, any relief which this

1. Appellant did not bring a class action nor did he seek damages for the alleged inadequate medical services dispensed within the Dallas County Jail.

2. This court was informed by counsel for both parties that appellant was transferred from the Dallas County Jail pursuant to a recent Texas law which directs the transfer of convicted defendants to state prisons pending their appeal to the state appellate courts. Article 42.09 of the Vernon's Ann.Texas Code of Criminal Procedure provides:

If a defendant is convicted of a felony and sentenced to death, life, or a term of more than fifteen years in the Department of Corrections and he gives notice of appeal, he

court might grant would be ineffective since the Dallas County Jail officials have no authority over the state prison in Huntsville. Accordingly, this case has been rendered moot and is remanded to the district court with directions to vacate its judgment and dismiss appellant's complaint. *See* Armendariz v. Hershey, 413 F.2d 1006 (5th Cir. 1969); Taylor v. United States, 410 F.2d 392 (5th Cir. 1969).

shall be transferred to the Department of Corrections on a commitment pending a mandate from the Court of Criminal Appeals.

It is our understanding that this legislation was enacted to eliminate the extreme overcrowded conditions of the county jails. Appellant along with many other prisoners in the same status was transferred to the state prison to alleviate the crowded conditions in the Dallas County Jail. There is no showing here that the county authorities had appellant transferred to moot this case.