Robert Allen JORDAN,
Plaintiff-Appellant,

v.

Clarence JONES, Sheriff, Commissioners
Court, Defendant-Appellee.

No. 77-2721.

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1977.

Henry M. Wade, Dist. Atty., Dallas, Tex.,
for defendant-appellee.

Before COLEMAN, GODBOLD and
TJOFLAT, Circuit Judges.

PER CURIAM:

Appellant Jordan brought a civil rights action claiming deprivations at the Dallas County, Texas, jail. The District Court dismissed on the ground that the claims asserted were similar to those involved in a class action previously decided by the court and over which it had retained jurisdiction, *Taylor v. Sterrett,* 344 F.Supp. 411 (N.D. Tex.1972), and that plaintiff counsel in that case are competent to represent the interests of the *Taylor* class and can raise in the class suit any new matters that might be presented by this plaintiff's complaint. Some of Jordan's long litany of complaints are subsumed in the *Taylor* opinion and order, some are patently frivolous, but others fall in neither of these categories. The District Court could reopen the *Taylor* case and refer Jordan's complaints to plaintiff counsel therein for them to handle as attorneys for the class, or could consolidate the present case with the *Taylor* case. But it could not dismiss the present case on the basis that it presents issues which are similar to those in the class suit and could be presented in that suit. Also one of Jordan's allegations is that jail officials are not complying with the *Taylor* order. This has to be dealt with in some manner other than dismissal.

VACATED and REMANDED.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.