Vicel HERRON, Plaintiff-Appellant,

v.

James G. BECK, J.J. Culpepper, Sgt. Wheeler and Robert Holmes, Defendants-Appellees.

No. 80–7727.

United States Court of Appeals, Eleventh Circuit.

Dec. 6, 1982.

Thomas A. Varlan, Sutherland, Asbill & Brennan, Atlanta, Ga., for plaintiff-appellant.

Stanley Jackson, Augusta, Ga., for Beck, Culpepper, Wheeler and Holmes.

Before JOHNSON and ANDERSON, Circuit Judges, and HUNTER *, District Judge.

---

\* Honorable Edwin F. Hunter, Jr., U.S. District Judge for the Western District of Louisiana, sitting by designation.

1. Fed.R.Civ.P. 56(c) reads in relevant part:

R. LANIER ANDERSON, III, Circuit Judge:

On April 15, 1980, appellant Herron filed this civil rights suit *in forma pauperis* under 42 U.S.C.A. § 1983 (West 1981), alleging that jail officials violated his constitutional rights by illegally removing legal and educational materials from his jail cell. Appellant sought appointment of counsel to represent him, a writ of replevin to regain possession of certain law books, an injunction permitting him to keep a reasonable number of law books in his possession, a declaratory judgment that defendants had violated his rights, and damages in the amount of $5,000. On May 6, 1980, defendants filed a motion to dismiss on the ground that Herron's action was barred by res judicata because the issues raised had been litigated previously in a class action entitled *Brown v. Beck v. Evans,* Civ. Action No. 177–56 (S.D.Ga.), which was brought on behalf of all individuals who, like appellant, were confined at the Richmond County Jail in Augusta, Georgia. The district court held a hearing on defendants' motion to dismiss on July 22, 1980. At the hearing, the district judge heard testimony and accepted other evidence. Following that hearing, in a written order dated August 13, 1980, the district judge converted defendants' motion into a motion for summary judgment under Federal Rule of Civil Procedure 56 and "dismissed" appellant's action on the merits.

It is well established in this circuit that the ten-day notice requirement of Rule 56(c) [1] is strictly enforced. *See, e.g., Hickey v. Arkla Industries, Inc.,* 615 F.2d 239, 240 (5th Cir.1980) (holding that "where the motion to dismiss is converted into a motion for summary judgment, the notice and hearing requirements of Fed.R.Civ.P. 12(b) and 56(c) *must* be followed"); *Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir.1979) (citing numerous former Fifth Circuit cases which have upheld "the strict notice and

The motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing.

hearing requirements ... where the court *sua sponte* converts a 12(b)(6) motion into a summary judgment motion by considering matters outside the pleadings").[2] Moreover, a court should be particularly careful to ensure proper notice to a *pro se* litigant. *See Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir.1979) (holding that "before a motion for summary judgment is granted, the *pro se* plaintiff must be advised of his right to file counter affidavits or other responsive material and that he be alerted to the fact that his failure to so respond might result in the entry of summary judgment against him.... In addition, the ... notice must be sufficiently clear to be understood by a *pro se* litigant and calculated to apprise him of what is required under Rule 56").

The record in this case does not give any indication that appellant Herron had advance notice that there would be a hearing at which judgment on the merits might be rendered against him pursuant to Rule 56. Consequently, because the district court failed to comply with the 10-day notice requirement, we reverse and remand.

Our decision to reverse due to the failure to comply with Rule 56(c) makes it unnecessary for us to consider whether summary judgment also was improper because of the presence of genuine issues of fact. It is appropriate, however, to discuss two additional issues for the guidance of the district court on remand.

■ First, although the class action in *Brown v. Beck v. Evans, supra,* did involve various conditions in the same jail, the class representatives sought only declaratory and injunctive relief, not damages. Thus, the appellant's claim for damages would not be barred by the class action. *See Bogard v. Cook*, 586 F.2d 399 (5th Cir.1978), *cert. denied*, 444 U.S. 883, 100 S.Ct. 173, 62 L.Ed.2d 113 (1979). *See also Jones-Bey v. Caso*, 535 F.2d 1360 (2d Cir.1976). Moreover, the thrust of appellant's action is that his books and other legal materials were taken from him in retaliation for his activities as a jailhouse lawyer. No such issue was involved in *Brown v. Beck v. Evans, supra*. Thus, appellant's action clearly is not barred by res judicata.

■ Second, even if appellant's claims could be handled more appropriately as part of the *Brown v. Beck v. Evans* class action litigation, dismissal was improper. As explained in *Jordan v. Jones*, 563 F.2d 148 (5th Cir.1977), where an individual prisoner's claims are similar to class claims already litigated,

> [t]he District Court could reopen [the class action] and refer [the individual's] complaints to plaintiff counsel therein for them to handle as attorneys for the class, or could consolidate the present case with the [class] case. But it could not dismiss the present case on the basis that it presents issues which are similar to those in the class suit and could be presented in that suit. Also one of [the individual's] allegations is that jail officials are not complying with the [class] order. This has to be dealt with in some manner other than dismissal.

Thus, although it might have been proper to consolidate Herron's claims with the class litigation or to stay Herron's action pending referral of Herron's complaints to the class counsel, dismissal was not appropriate.[3]

REVERSED AND REMANDED.

**2.** In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

**3.** We note that appellant's transfer from the Richmond County Jail to the Georgia Diagnostic & Corrections Center in Jackson, Georgia, has rendered some or all of his equitable claims moot. *See Scott v. Jones*, 492 F.2d 130 (5th Cir.1974). His damages claim, however, is not rendered moot by such a transfer. *See Cruz v. Estelle*, 497 F.2d 496 (5th Cir.1974).