780 F.2d 1022
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
HUBERT HAYES McDONALD, Plaintiff-Appellant,
v.
WILLIAM C. SEABOLD, JOSEPH KIST (DENTIST), Defendants-Appellees.
 83-5762
 United States Court of Appeals, Sixth Circuit.
 11/22/85
 
 VACATED AND REMANDED
 W.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 BEFORE: KEITH and MILBURN, Circuit Judges; and HIGGINS, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Hubert Hayes McDonald appeals the district court's grant of summary judgment in favor of defendants in this action alleging a violation of 42 U.S.C. Sec. 1983. The district court granted summary judgment because plaintiff failed to affirmatively establish a genuine issue of material fact. For the reasons that follow, we reverse.
 
 I.
 
 2
 Plaintiff alleged in his complaint that on May 19, 1983, he was seen by defendant Dr. Kost for the purpose of having a wisdom tooth extracted. The thrust of plaintiff's complaint is that Dr. Kost intentionally caused him extreme pain during this procedure. Plaintiff alleges that he left Dr. Kost's office prior to completion of the surgery and that he later suffered discomfort, uncontrollable bleeding, and swelling to the point that his condition required medication, and that thereafter he had to be taken to an outside oral surgeon. Plaintiff alleges that Dr. Kost's actions were deliberate and that they resulted from a conspiracy involving Dr. Kost and Warden William Seabold.
 
 
 3
 The defendants moved to dismiss on the basis of plaintiff's failure to state a claim on which relief could be granted. Attached to the motion to dismiss was the unsworn statement of Dr. Kost which outlined the facts surrounding the alleged injury to plaintiff. Dr. Kost stated that after he secured plaintiff's consent, he administered several injections of pain killer. Dr. Kost further stated that during the surgery plaintiff complained of pain and refused to go further in the operation. According to Dr. Kost, plaintiff left his office, but was convinced to return later that day in order to stop the bleeding problems. Finally, Dr. Kost stated that plaintiff refused further surgery and that the extraction was completed four days later by an outside dentist.
 
 
 4
 On September 30, 1983, the district court, taking into account Dr. Kost's unsworn statement, granted summary judgment in favor of defendants. The district court concluded that plaintiff had failed to offer any more than 'bare allegations' to support his claim and, therefore, had failed to satisfy his burden of setting forth 'specific facts showing that there is a genuine issue for trial.' The record fails to show that plaintiff was given advance notice of the court's action nor is there any indication that plaintiff was given an adequate opportunity to demonstrate why summary judgment should not be granted.
 
 II.
 
 5
 Federal Rule of Civil Procedure 56(c) requires that a motion for summary judgment 'shall be served at least 10 days before the time fixed for the hearing.' The purpose of the advance notice provision is to afford the nonmoving party an adequate opportunity to challenge the motion. See, e.g., Winbourne v. Eastern Air Lines, Inc., 632 F.2d 219, 223 (2d Cir. 1980). Where a Rule 12(b)(6) motion to dismiss is converted into a summary judgment motion by acceptance of outside evidence, care must be taken to assure that the nonmoving party is afforded advance notice as required by Rule 56 and an adequate opportunity to show why summary judgment should not be granted. See, e.g., Herron v. Beck, 693 F.2d 125, 126-27 (11th Cir. 1982); Winfrey v. Brewer, 570 F.2d 761, 764 (8th Cir. 1978). Cf. Kistner v. Califano, 579 F.2d 1004, 1006 (6th Cir. 1978) (advance notice required where court enters summary judgment sua sponte). The absence of such notice is particularly disturbing where the plaintiff is a prisoner and is not represented by counsel. See Herron, 693 F.2d at 127; Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982); Winfrey, 570 F.2d at 764. In the instant case, plaintiff was not given notice of the district court's intention to treat the 12(b)(6) motion as one for summary judgment. Therefore, we hold that the district court erred.
 
 
 6
 The district court concluded that plaintiff failed to carry his burden under Rule 56. It is well-settled, however, that the party moving for summary judgment has the burden of demonstrating that the Rule 56(c) test--'no genuine issue of material fact'--is satisfied and that he is entitled to judgment as a matter of law. The moving party must come forward with affidavits or other competent evidence. If the moving party fails to do so, summary judgment with be denied even though the opposing party has presented no evidence in support of his allegations. See, e.g., United States v. Pent-R-Books, Inc., 538 F.2d 519, 529 (2d Cir. 1976), cert. denied, 430 U.S. 906 (1977).
 
 
 7
 The only evidentiary presentation made by defendants in support of their motion for summary judgment was the unsworn statement of Dr. Kost. A trial court may not, however, consider an unsworn statement on a motion for summary judgment. See Meserole v. M/V Fina Belgigue, 736 F.2d 147, 149 (5th Cir. 1984), Nordgren v. Hayward, 638 F.2d 224, 226 (10th Cir. 1981); Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980); Mitchell v. Beaubouef, 581 F.2d 412, 415 (5th Cir. 1978), cert. denied, 441 U.S. 966 (1979). Since the report was not competent evidence, the burden of proving that no genuine issue of material fact existed remained on the defendants. Therefore, the district court's grant of summary judgment was in error.
 
 III.
 
 8
 The judgment of the district court is VACATED, and the case is REMANDED for further proceedings consistent with this opinion. We intimate no view as to the merits of plaintiff's claim.
 
 
 
 *
 The Honorable Thomas A. Higgins, Judge, United States District Court for the Middle District of Tennessee, sitting by designation