**Ronald E. SPEARS, Plaintiff–Appellant,**

v.

**W.E. JOHNSON, Warden, Defendant–Appellee.**

**No. 88–7062**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Oct. 19, 1988.

Don Siegelman, Atty. Gen., P. David Bjurberg, Asst. Atty. Gen., Montgomery, Ala., for defendant-appellee.

Before HILL, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

Ronald H. Spears is currently incarcerated within the Alabama prison system. He brought this section 1983 petition in the Southern District of Alabama requesting damages and injunctive relief to remedy a series of allegedly unconstitutional conditions of his confinement. Over the past decade, however, a class action has been pending in the Middle District of Alabama, seeking injunctive relief to remedy a broad set of allegedly unconstitutional conditions. *See Newman v. Alabama*, 559 F.2d 283 (5th Cir.1977), *aff'd in part and remanded sub nom. Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114, *cert. denied*, 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed. 2d 1160 (1978).[1] Spears is a member of the plaintiff class, defined to include all persons confined, or who may in the future be confined, by the Alabama Board of Corrections. *See Pugh v. Locke*, 406 F.Supp. 318, 321 (M.D.Ala.1976) (affirmed by *Newman* ). An oversight committee currently exercises stewardship over a 1984 consent decree entered into between the plaintiff class and the State of Alabama. As the allegedly unconstitutional conditions in the Alabama penitentiary system have not been finally remedied, however, the Middle District still maintains jurisdiction over the class action.

■ Following the recommendation of the United States Magistrate, the district court ordered Spears' petition dismissed without prejudice to present his claims to the oversight committee. Spears contends on appeal that his individual petition should not have been dismissed based on the consent decree, because he seeks money damages, which are not sought by the class. This contention squares with our previous cases.

In *Herron v. Beck*, 693 F.2d 125, 127 (11th Cir.1982), we found that Herron, a prisoner, was not barred from the federal courts by a class action pending in the same district where Herron filed suit, which action also involved various conditions in Herron's jail. While the class representatives sought declaratory and injunctive relief, Herron sought damages as well. Herron also asked for some specific relief not addressed in the class action. We noted that the district court might properly have consolidated Herron's claims with those asserted by the class, or stayed Herron's action pending referral of his claims to the class counsel, but we held that dismissal of his action was not appropriate. *See also Jordan v. Jones*, 563 F.2d 148 (5th Cir.1977) (prisoner's petition filed in Northern District of Texas should not have been dismissed merely because of class action, also in Northern District, raising similar complaints).[2]

In *Bogard v. Cook*, 586 F.2d 399 (5th Cir.1978), *cert. denied*, 444 U.S. 883, 100 S.Ct. 173, 62 L.Ed.2d 113 (1979), Bogard, a former prisoner in a Mississippi state prison, sought damages for maltreatment suffered during his confinement. He filed his claim in the Northern District of Mississippi. Bogard, however, had previously been a party plaintiff in a concluded class action seeking equitable redress of constitutional violations at his prison, also filed in the Northern District of Mississippi. The class-action notice informed Bogard that he could refer his own particular complaints to the class counsel. *Id.* at 407. It further informed Bogard that he could opt out of the class. *Id.* We held that the inmates "could not have surmised from the class action notice ... that they were required to seek monetary relief in that suit or opt out." *Id.* at 408. Moreover, we noted, "we have no way of knowing that [the class action] would have been manageable ... if individual damage relief had been request-

---

1. After the division of the former Fifth Circuit in 1981, Alabama is now within the jurisdiction of the Eleventh Circuit. 28 U.S.C. § 41.

2. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc). The Eleventh Circuit, sitting en banc, adopted as binding precedent all decisions rendered prior to October 1, 1981, by the former Fifth Circuit.

ed." *Id.* Bogard's trial would not be needlessly repetitive; however, as mutuality was not required in the former Fifth Circuit, Bogard could avail himself of the district court's findings in the class-action suit. *Id.* at 409.

 Because Spears seeks relief different from that requested by the class representatives in *Newman,* we may conclude from our decisions in *Herron, Jordan* and *Bogard* that Spears' petition should not have been dismissed. A question concerning the correct disposition of Spears's petition does, however, remain. Spears filed his petition in the Southern District of Alabama, yet the Middle District of Alabama clearly has had the most experience with petitions alleging deprivations in the Alabama prison system, and, more importantly, currently exercises jurisdiction over a case that would redress Spears' complaints in many substantial respects. Unlike *Herron* and *Jordan,* however, we cannot simply order the cases consolidated, for they are pending in two different districts.

Moreover, the Middle District has not had occasion to issue a comprehensive final order, as was the case in *Bogard;* therefore, Spears would not be able to invoke any such decision before the Southern District under the principle of collateral estoppel. Permitting Spears to commence a new action within the Southern District would probably, as warned by the United States Magistrate, "interfere with the integrity of the consent order and [oversight committee] and possibly result in a modification of the decision in *Newman." See Gregory-Portland Independent School District v. Texas Education Agency,* 576 F.2d 81, 83 (5th Cir.1978), *cert. denied,* 440 U.S. 946, 99 S.Ct. 1423, 59 L.Ed.2d 634 (1979).

In *Cox Enterprises, Inc. v. Holt,* 691 F.2d 989 (11th Cir.1982), we held that 28 U.S.C. § 1406(a), a provision that authorizes transfer by the district court in the interest of justice, did "not represent a conscious legislative decision to deny appellate courts authority to transfer cases." *Id.* at 990. Instead, direct transfer by an appellate court " 'not only furthers the policies behind § 1406, but also comports with

the precepts of judicial economy.' " *Id., quoting Dr. John T. MacDonald Foundation, Inc. v. Califano,* 571 F.2d 328, 332 (5th Cir.) (en banc), *cert. denied,* 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978).

As we have concluded that this cause should be tried in the Middle District of Alabama, the simplest and most efficient resolution of the appeal is to reinstate Spears' petition and transfer it to that district. The Middle District may dismiss any of Spears' claims that overlap with those brought by the class representatives, consolidate those claims with the class claims, or stay them pending resolution of the class claims. The court should make findings as to the proper disposition of any claim not made by the class (i.e. referral of such claim to the oversight committee) and should determine whether Spears is entitled to damages for the injuries he alleges.

The order of the Southern District of Alabama is VACATED; the petition is REINSTATED and TRANSFERRED to the Middle District of Alabama.