[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10160
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 17, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-01491-CV-TCB-1

RAYMOND CHONG,

Plaintiff-Appellant,

versus

HEALTHTRONICS, INC.,
d.b.a. Healthtronics Service Center, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 17, 2008)**

Before DUBINA, PRYOR and COX, Circuit Judges.

PER CURIAM:

The Plaintiff, Raymond Chong, appeals following the district court's dismissal

of his action against Healthtronics, Inc., the Defendant, for failure to state a claim.

The district court granted the Defendant's Rule 12(b)(6) motion, dismissing all of the Plaintiff's claims.

Attached to the Defendant's Rule 12(b)(6) motion were two affidavits and several documents. The Plaintiff objected to the consideration of these documents as outside the pleadings, contending that consideration of matters outside the pleadings required that the motion be treated as a Rule 56 motion for summary judgment, which would require the court to permit the Plaintiff to submit evidence in support of his claims. The district court rejected this argument. We consider each of the Plaintiff's claims against this background.

It is clear that the Defendant's 12(b)(6) motion relied upon documents submitted by it to support dismissal of the Plaintiff's breach of contract and quantum meruit claims. It is also clear that the district court's dismissal of these claims relied upon these documents. We disagree with the district court's conclusion that our precedent supports consideration of these documents. Pretermitting consideration of the authenticity of these documents, nothing in the complaint supports the district court's conclusion that these documents were central to the Plaintiff's contract claims. Similarly, nothing in the complaint supports the conclusion relative to the quantum meruit claim that the Plaintiff received a $72,500 annual salary and benefits and was "reasonably compensated for the services he rendered" (R.2-47 at 7). The district

2

court erred in considering matters beyond the face of the complaint without complying with Rule 56. We have held:

> Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion. When that conversion occurs, the district court must comply with the requirements of Rule 56. The district court is required to notify the parties that the motion has been converted, and give the parties 10 days in which to supplement the record. *Herron v. Beck,* 693 F.2d 125, 126 (11th Cir.1982).

*Trustmark Ins. Co. v. ESLA, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002) (internal citations omitted).

Neither the Defendant's brief in the district court nor its brief on this appeal include a principled argument that the Plaintiff's complaint fails on its face to state a breach of contract claim or a quantum merit claim. And, the district court did not so hold. So, we decline to address the issue here. We vacate the denial of these claims and remand to the district court with instructions to comply with Rule 56.

The district court dismissed the Plaintiff's fraud claim on the grounds that it was duplicative of his breach of contract claim and failed to satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b). The court dismissed the Plaintiff's New York labor law claim on the ground that New York courts have held that bonus payments made under a profit-sharing scheme are excluded from the definition of "wages" under the applicable statute.

3

The Plaintiff does not argue on appeal that the district court's legal analysis with respect to its dismissal of his fraud claim for failure to comply with Rule 9(b) was erroneous nor does he argue that the court's legal analysis of his New York labor law claim was erroneous. Instead, he contends generally that the entirety of the district court's dismissal of his claims should be reversed, because it improperly relied upon evidence not contained on the face of his complaint. We disagree. The district court dismissed the Plaintiff's fraud and New York labor law claims on defects appearing from the face of the complaint. We find no reversible error in the dismissal of these two claims.

For the foregoing reasons, we vacate the district court's dismissal of the Plaintiff's breach of contract and quantum meruit claims, and remand with instructions to the district court to comply with Rule 56. We affirm the district court's dismissal of the Plaintiff's fraud and New York labor law claims.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**