[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 14, 2010
JOHN LEY
CLERK

No. 10-10952
Non-Argument Calendar

_____

D.C. Docket No. 0:08-cv-61593-MGC

JOHN C. DIXON,

Plaintiff-Appellant,

versus

ODWALLA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 14, 2010)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

John C. Dixon appeals from the district court's grant of summary judgment in favor of his former employer, Odwalla, Inc., on his retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). On appeal, Dixon argues that he did not receive proper notice of how to respond to Odwalla's motion for summary judgment, and did not understand the nature and consequences of summary judgment. He also argues that summary judgment was inappropriate because he had shown that Odwalla's proffered reasons for his termination were pretextual, and because the district court improperly considered hearsay evidence in granting Odwalla's motion.

## I.

We review a trial court's grant of a motion for summary judgment *de novo*, viewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party. *HR Acquisition I Corp. v. Twin City Fire Ins. Co.*, 547 F.3d 1309, 1313-14 (11th Cir. 2008) (citation omitted). The party seeking summary judgment bears the initial burden of demonstrating that there are no genuine issues of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993) (citation omitted). In assessing whether the movant has met this burden, the district court views the evidence and all factual inferences in the light most favorable to the non-moving party. *Id*. If the movant satisfies its

2

burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that there are genuine issues of material facts. *Id*.

Prior to December 2009, Rule 56 of the Federal Rules of Civil Procedure provided that a summary judgment motion "must be served at least ten days before the day set for the hearing." Fed.R.Civ.P. 56(c) (2008). The rule since has been amended to remove that temporal notice requirement. *See* Fed.R.Civ.P. 56(c) (Rev. 2009).

In prior precedent, we indicated that we would raise *sua sponte* a district court's failure to adhere to the ten-day advance notice requirement. *See Griffith v. Wainwright*, 772 F.2d 822, 824 (11th Cir. 1985). Under our precedent prior to the amended Rule 56(c), it was well-established that the ten-day notice requirement was strictly enforced. *Herron v. Beck*, 693 F.2d 125, 126 (11th Cir. 1982). We have been particularly careful to ensure proper notice to *pro se* litigants. *Id*. We have held that Rule 56(c)'s former notice provision required, at a minimum, that an opposing party "be given express, ten-day notice of summary judgment rules, of his right to file affidavits or other material in opposition to the motion, and of the consequences of default." *Griffith*, 772 F.2d at 825. In a case involving counseled parties, we held that failing to give temporal notice was harmless error when it did not deprive a party of the opportunity to present all facts or arguments

3

that would have precluded summary judgment.  *Restigouche, Inc. v. Town of Jupiter*, 59 F.3d 1208, 1213 (11th Cir. 1995).

In this case, it appears that the district court did not give Dixon complete notice of the summary judgment rules or his right to file affidavits or other materials in opposition to a motion to summary judgment.  However, Dixon demonstrated his familiarity with summary judgment procedures and consequences when he filed his own motion for summary judgment, and when he responded to Odwalla's motion just three days after it was filed, and that response included interpretations of the facts, case law, legal arguments, and numerous exhibits containing summary judgment evidence.  There is nothing in the record to indicate that Dixon would respond any differently if given a more complete substantive notice.  Thus, we do not find reversible error with reference to this claim.

## II.

We analyze Title VII retaliation cases under the *McDonnell Douglas* burden-shifting framework.  *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).  First, the plaintiff must establish a *prima facie* case, which raises a presumption that the employer's decision was,

more likely than not, based on an impermissible factor. *Richardson v. Leeds Police Dept.*, 71 F.3d 801, 805 (11th Cir. 1995). To establish a *prima facie* case for retaliation under Title VII, the plaintiff must show that "(1) he engaged in statutorily protected expression; (2) he suffered adverse employment action; and (3) there is a causal relation between the two events." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). Once the plaintiff establishes his *prima facie* case, the burden shifts to the defendant-employer to articulate a legitimate, non-discriminatory reason for its action. *Richardson*, 71 F.3d at 805. If the employer carries this burden, the plaintiff must persuade the trier of fact that the employer's proffered reasons are a pretext for discrimination. *Id*. at 806. Mere conclusory allegations are not sufficient to show that the employer's proffered reasons are pretextual. *Earley v. Champion Intern. Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990).

Inadmissible hearsay cannot be considered on a motion for summary judgment. *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (internal quotations omitted). Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Generally, hearsay is not admissible. Fed.R.Evid. 802.

5

However, affidavits supporting summary judgment can be considered if they are based on personal knowledge and they set forth facts that would be admissible evidence. Fed.R.Civ.P. 56(e); *Macuba*, 193 F.3d at 1322-23.

Dixon has not shown that there are any disputed genuine issues of fact about whether Odwalla's proffered reasons for his termination are a pretext for a retaliatory motivation. In this regard, the district court did not err in considering the affidavits that Odwalla attached to its motion for summary judgment because they were based on personal knowledge and set forth facts that would be admissible at trial.

Upon review of the record and after consideration of the parties' briefs, we affirm.

**AFFIRMED.**